IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | | |
|---|---|---|
| ANTHONY W. ACCURSO | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | Case No. 15-6024-CV-SJ-HFS |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

Movant has been sentenced to the statutory minimum of 15 years after pleading guilty to a child pornography charge. He seeks to vacate his sentence because of alleged ineffective assistance of counsel. Although several other contentions are made, his principle theory is that he should have received a lesser sentence by motion that should have been filed for cooperation with law enforcement in an unrelated matter several months before learning of the investigation leading to the current charges. There is an unusual legal issue presented but I conclude that movant is not entitled to relief, and that no hearing is necessary.

This proceeding, timely filed under 28 U.S.C. § 2255, alleges that defense counsel was ineffective in failing to move for a sentence below the statutory minimum, in failing to investigate information after sentencing that might have been the basis for a departure, in failing to challenge at sentencing two enhancements in the Guideline calculation, and makes several other complaints.

For reasons stated in the Government's brief, Doc. 13, the defective enhancement issue is unsound, and is immaterial and nonprejudicial in light of the statutory minimum sentence. The enhancements were agreed to and were routinely and correctly assessed under current practice.

1

Assuming movant had repeatedly requested counsel to pursue a motion for a reduction based on cooperation, that he made counsel aware of the essence of the claim, that counsel's efforts to obtain a departure motion were minimal and the Government's rejection of the request was summary and superficial, I am satisfied that a departure for <u>volunteered</u> assistance <u>before</u> prosecution is legally unauthorized and is subject to summary rejection even if otherwise worthy of praise.

Apparently unknown to movant, in April, 2011, a detective in the Platte County Sheriff's Office downloaded suspected child pornography later identified as connected with an address used by him. A search warrant executed in September, 2011, obtained incriminating material. The indictment here was obtained in 2013.

Movant recites that in June, 2011, he assisted Kansas City, Missouri, police officers in causing the arrest of an individual for theft of laptops looted from the Joplin School District after the tornado there. In addition to developing information about the crime (which resulted in a State Court plea and conviction) he alleges he "lured" the individual to a meeting where he was arrested in possession of the stolen property. Doc. 1, pages 21-2. Movant argues that he was in some physical danger by reason of this cooperation with local authorities. Doc. 16, p. 5.

Movant contends he was eligible for a 5K1.1 motion relieving him of the statutory minimum sentence and leading to a significantly reduced sentence if his attorney had effectively represented him and Government counsel had acted in a reasonable manner in evaluating the information. The statutory basis for this relief would be 18 U.S.C. § 3553(e), which authorizes relief upon motion by the Government "to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense."

2

The first question is whether the relief authorized relates to State Court prosecution as well as Federal prosecutions. While the law is not fully settled on this question I accept movant's view that a Federal prosecutor has discretion to rely on assistance to local officials. United States v. Fields, 512 F.3d 1009, 1012 (8th Cir. 2008) (declining to require filing of a motion). At least occasionally, assistance to State authorities has been the product of an agreement between a defendant and a Federal prosecutor. Id, fn. 2. The type of agreement contemplated is "for the assistance of a third party in exchange for filing a motion for downward departure."

Movant contends his actions in early 2011 were particularly commendable because his help was "certainly unique in representing an instance where cooperation outside of a plea bargain (indeed, outside the purview of the prosecutor in the instant case)." While morally commendable, however, movant mistakes the purpose of the statutory authorization, which was to create an instrument for Federal prosecutors to negotiate for help in fighting crime. Volunteered assistance is not within the contemplation of the statute.

The fact that assistance to Missouri authorities was volunteered without an agreement that movant would benefit disqualifies movant from claiming entitlement to relief. The statute on which movant relies is designed as a bargaining chip, not a good conduct award, and here there was no bargain. See discussion and citations in United States v. Lander, 900 F.Supp.2d 934 (N.D. Iowa 2012). The fact that the assistance occurred at least several months before the investigation was known to movant emphasizes movant's disqualification. He is no better off than if he had been a great philanthropist, for example, having given millions of dollars to a worthy institution. This would not help him avoid the statutory minimum sentence for the offense for which he was sentenced.

There being no authority supplied by counsel or found by me that gives relief in these circumstances, I cannot fault defendant's counsel or Government counsel for not helping movant because of his assistance to Missouri law enforcement in 2011.

A second issue worth noting, beyond what is contained in the Government's response, is the vague contention that movant sent counsel a letter after sentencing, dated March 20, 2014, offering assistance in connection with "illegal drug sales." Counsel does not acknowledge receipt of such a letter. Even if it be assumed that such a letter was sent and received, and theoretically could have resulted in assistance and a motion to reduce the sentence under Rule 35, nothing before the court suggests anything other than rank speculation about possible events subsequent to receipt to such a letter. A hearing based on such unsupported speculation is not warranted. Rule 35 relief is very unusual and cannot be fairly predicted by mere hopes and unspecified circumstances.

For reasons stated above, and in the Government's response, Doc. 13, the motion for vacation of movant's sentence is hereby DENIED. A certificate of appealability is also DENIED, although movant may seek such a certificate from the Court of Appeals.

/s/ Howard F. Sachs
**HOWARD F. SACHS**
UNITED STATES DISTRICT JUDGE

June  10 , 2015

Kansas City, Missouri

4

Case 5:15-cv-06024-HFS   Document 20   Filed 06/10/15   Page 4 of 4